**PELTON GRAHAM LLC**
Brent E. Pelton, Esq.
Taylor B. Graham, Esq.
Alison L. Mangiatordi, Esq.
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

**STANLEY WARREN, Individually and
On Behalf of All Others Similarly
Situated,**

               **Plaintiff,**

-against-

**ABA NOUB, LTD. d/b/a JOSEPH
PHARMACY, AVA KIRELLOUS LTD.
d/b/a WELLNESS PHARMACY,
SHERIF ELTAHAWY and LIZETTE
ELTAHAWY, Jointly and Severally,**

               **Defendants.**

</td><td>

**CLASS & COLLECTIVE
ACTION COMPLAINT**


**Jury Trial Demanded**

</td></tr>
</table>

Plaintiff Stanley Warren ("Warren" or "Plaintiff"), individually and on behalf of all others

similarly situated, as collective and class representative, upon personal knowledge as to himself

and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff worked as the vice president of pharmacy operations and a pharmacy

technician at Defendants' pharmacies in the Upper West Side neighborhood of Manhattan. For his

work, throughout the relevant time period, Plaintiff Warren was paid hourly and was not paid overtime premiums for hours worked over forty (40) in a given workweek.

2.      Plaintiff brings this action to recover unpaid overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq*.

3.      Plaintiff also brings claims for Defendants' failure to provide proper wage notices or wage statements pursuant to NYLL §§ 190 *et seq*.

4.      Plaintiff brings the above FLSA claims on behalf of himself and other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all hourly employees working for Defendants in New York during the applicable NYLL statutory period.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8.      On March 20, 2020, New York Governor Andrew M. Cuomo signed Executive Order 202.8 in an effort to stem the spread of COVID-19, which tolls for thirty (30) days "any

specific time limit[s] for the commencement, filing, or service of any legal action, notice, motion or other process or proceeding" under any New York State laws or court procedural rules. The thirty (30)-day tolling period began on March 20, 2020 and continued until April 19, 2020. On April 7, 2020, Governor Cuomo signed Executive Order 202.14, which extended the tolling period to May 7, 2020. Subsequently. Subsequently, on May 7, 2020, Governor Cuomo issued Executive Order 202.28, tolling all statutes of limitations for an additional thirty (30) days through June 6, 2020. On June 6, 2020, Governor Cuomo issued Executive Order 202.38, tolling all statutes of limitations until July 6, 2020. On July 7, 2020, Governor Cuomo issued Executive Order 202.48 tolling all statutes of limitations until August 5, 2020. On August 5, 2020, Governor Cuomo issued Executive Order 202.55, which tolled all statutes of limitations until September 4, 2020. On September 4, 2020, Governor Cuomo signed Executive Order 202.60, which extended the tolling period an additional thirty (30) days to October 4, 2020. On October 4, 2020, Governor Cuomo issued Executive Order 202.67, which extended the tolling period to November 3, 2020.

## THE PARTIES

**Plaintiff:**

9.      Plaintiff Stanley Warren was, at all relevant times, an adult individual residing in Suffolk County, New York.

10.     Throughout the relevant time period, Plaintiff performed work for Defendants at Joseph Pharmacy, located at 216 W 72nd Street, New York, NY 10023 and Wellness Pharmacy, located at 144 W 72nd Street New York, NY 10023.

11.     Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants:**

12.     Defendant Aba Noub, Ltd. is an active New York business corporation doing business as "Joseph Pharmacy" ("Joseph") with its principal place of business located at 216 W 72nd Street, New York, NY 10023.

13.     According to the New York State Department of State, Division of Corporations, Joseph was registered on July 22, 1992.

14.     Defendant Ava Kirellous Ltd. is an active New York business corporation doing business as "Wellness Pharmacy" ("Wellness" and, together with Joseph, the "Corporate Defendants") with its principal place of business located at 144 W 72nd Street New York, NY 10023.

15.     According to the New York State Department of State, Division of Corporations, Wellness was registered on October 18, 2017.

16.     At all relevant times, the Corporate Defendants operated together as a single business enterprise utilizing the same practices and policies.

17.     The Corporate Defendants have common ownership and management.

18.     The Corporate Defendants' operations are interrelated and unified.

19.     The Corporate Defendants are employers of Plaintiff and the Collective and Class Members.

20.     Upon information and belief, defendant Sherif Eltahawy ("S. Eltahawy") is an owner and operator of the Corporate Defendants.

21.     Upon information and belief, defendant Lizette Eltahawy ("L. Eltahawy") is an owner and operator of the Corporate Defendants.

22.     Defendants S. Eltahawy and L. Eltahawy are hereinafter referred to collectively as

the "Individual Defendants" and, together with the Corporate Defendants, the "Defendants."

23.     The Individual Defendants maintained operational control over the Corporate Defendants and jointly managed Joseph and Wellness by determining the wages and compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiff.

24.     The Individual Defendants employed Plaintiff, and all similarly situated employees, by acting in the interest of each other with respect to the employees, paying the employees by the same methods, and sharing control over the employees.

25.     The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiff and the Defendants' other similarly situated employees, and are each "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

26.     At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

27.     At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

28.     At all relevant times, Plaintiff, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

29.     Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

30.     All actions and omissions described in this complaint were made by Defendants

directly or through their supervisory employees and agents.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.     Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiff brings his First Cause of Action

as a collective action under the FLSA on behalf of himself and the following collective:

> All individuals employed by Defendants at any time since January
> 14, 2018 and through the entry of judgment in this case (the
> "Collective Action Period") who worked as hourly employees at
> Joseph and/or Wellness (the "Collective Action Members").

32.     A collective action is appropriate in this circumstance because Plaintiff and the

Collective Action Members are similarly situated, in that they were all subjected to Defendants'

illegal policy of failing to pay overtime premiums for all work performed in excess of forty (40)

hours each week. As a result of this policy, Plaintiff and the Collective Action Members did not

receive the legally-required overtime premium payments for all hours worked in excess of forty

(40) hours per week.

33.     Plaintiff and the Collective Action Members have substantially similar job duties

and were paid pursuant to a similar, if not the same, payment structure.

## FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

34.     Pursuant to the NYLL, Plaintiff brings his Second through Fourth Causes of Action

under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All individuals employed by Defendants in New York at any time
> since May 31, 2014 and through the entry of judgment in this case
> (the "Class Period") who worked as hourly employees at Joseph
> and/or Wellness (the "Class Members").

35.     The Class Members are readily ascertainable. The number and identity of the Class

Members are determinable from the records of Defendants. For purposes of notice and other

purposes related to this action, their names and addresses are readily available from Defendants.

Notice can be provided by any means permissible under Federal Rule of Civil Procedure.

36.     <u>The Class Members are so numerous that joinder of all members is impracticable</u>.

Although the precise number of Class Members is unknown to Plaintiff, the facts on which the

calculation of that number can be based are presently within the sole control of Defendants.

37.     Upon information and belief, there are in excess of forty (40) Class Members.

38.     <u>The questions of law and fact common to the Class predominate over any questions</u>

<u>solely affecting the individual members of the Class</u>. These common questions include:

    a.   whether Defendants employed Plaintiff and the Class Members within the meaning

        of the NYLL;

    b.   whether Defendants failed to keep true and accurate time records for all hours

        worked by Plaintiff and the Class Members;

    c.   whether Defendants failed and/or refused to pay Plaintiff and the Class Members

        overtime premiums for all hours worked in excess of forty (40) hours per

        workweek;

    d.   whether Defendants failed to provide accurate wage notice to Plaintiff and Class

        Members at the beginning of their employment and/or annually before February 1

        of each year (up to and including February 1, 2015)[1] as required by the NYLL;

    e.   whether Defendants failed to provide Plaintiff and the Class Members with accurate

        wage statements with each payment of wages, as required by the NYLL;

    f.   whether Defendants' failure to properly pay Plaintiff and the Class Members lacked

        a good faith basis; and

    g.   whether Defendants are liable for all damages claimed hereunder, including but not

        limited to compensatory damages, liquidated damages, interest, costs and

---

[1] Annual wage notices are no longer required after February 27, 2015.

disbursements and attorneys' fees.

39.     The Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like all Class Members, was an employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, not paid overtime premium pay for all hours worked over forty (40) hours in a given workweek, was not provided with accurate wage statements with each payment of wages, and was not provided with wage notices on the date he was hired or on or before February 1 of each subsequent year (up to and including February 1, 2015) or when his wage rate(s) changed. If Defendants are liable to the Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

40.     The Plaintiff and his Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff bring this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

41.     Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

42.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

43.     Defendants are sophisticated parties with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other currently pending litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Pharmacies**

44.     At all relevant times, Defendants have been in the pharmacy business in New York City.

45.     According to Defendants' websites, Joseph has been "The Upper West Side Pharmacy since '92" and offers free same day Rx delivery and accepts all major insurances. (https://www.josephspharmacy.com). Joseph is open seven (7) days per week, Monday through Friday, 8:00 am to 7:00 pm, Saturday 9:00 am to 7:00 pm and Sunday 10:00 am to 6:00 pm. *Id.*[2]

46.     Wellness is "the pharmacy for the UWS," "stock[s] the widest range of medical products, offer[s] the highest quality health services, and retain[s] the best staff possible." (https://www.wellnesspharmacy72.com). Wellness is also open seven (7) days per week, the "front end" is open Monday through Friday 8:00 am to 8:00 pm, Saturday 9:00 am through 7:00 pm and Sunday 10:00 am through 6:00 pm. The pharmacy is open Monday through Friday 9:00 am through 8:00 pm, Saturday 9:00 am through 7:00 pm and Sunday 11:00 am through 5:00 pm.

47.     According to the New York State Department of State, Division of Corporations, Defendant S. Eltahawy is the chief executive officer of Aba Noub, Ltd. d/b/a Joseph Pharmacy.

48.     Upon information and belief, the Individual Defendants have owned, operated and managed Corporate Defendants throughout the relevant time period.

49.     Upon information and belief, the Individual Defendants are a constant presence at Joseph and Wellness, where they manage the operations of the pharmacies and take an active role in ensuring that the pharmacies are run in accordance with their procedures and policies.

50.     Throughout the relevant time period, Defendant S. Eltahawy was present at Joseph

---

[2] These hours may have changed slightly due to Covid-19 as the website states Joseph is open daily until 6:00 pm. *Id.*

on a daily basis Monday through Friday from roughly eight o'clock in the morning (8:00 am) in

the morning through six or seven in the evening (6:00 pm or 7:00 pm) Monday through Friday and

often working on Saturday or Sundays as necessary. Beginning in or around July 29, 2019 when

Wellness opened, S. Eltahawy would split his time between both pharmacies, still coming into

Joseph on or about ten o'clock in the morning (10:00 am) through six o'clock in the evening (6:00

pm) several days each week. Upon information and belief, S. Eltahawy spent the remainder of his

days at Wellness.

51.     Defendant L. Etahawy was present at Joseph on occasion and Wellness several

times per week. L. Eltahawy would call Joseph and Wellness daily when she was not present.

52.     At all relevant times, S. Eltahawy has been the president, CEO and pharmacist in

charge of the Corporate Defendants.

53.     At all relevant times, the Individual Defendants, either themselves directly or

through their direction of their management, have had power over payroll and personnel decisions

at Joseph and Wellness, including the power to hire and fire employees, set their wages, retain

time and/or wage records, and otherwise control the terms and conditions of their employment.

54.     At all relevant times, the Individual Defendants would supervise Plaintiff and the

Collective and Class Members.

**Plaintiff's Work for Defendant**

55.     **Plaintiff Warren** worked for Defendants as Vice President of Operations from on

or about December 12, 2017 until on or about September 21, 2020 (the "Warren Employment

Period").[3]

56.     Throughout the Warren Employment Period, Plaintiff Warren's duties included,

---

[3] Warren previously worked as a pharmacy technician for Defendants in or around 2010.

but were not limited to, overseeing operational processes such as filling out contracts and negotiating contract prices, overseeing the technicians and pharmacy workflow, customer service, research and implementation of technology, overall business development, strategy and operations and acting as a conduit between the employees and S. Eltahawy.

57.    From the beginning of the Warren Employment Period through in or around August of 2018, Warren typically worked Monday through Friday from ten o'clock in the morning (10:00 am) until nine o'clock in the evening (9:00 pm) and Saturdays from approximately nine o'clock in the morning (9:00 am) until one o'clock in the afternoon (1:00 pm), for a total of approximately fifty-nine (59) hours per week. Beginning in or around September of 2018, Warren worked the same schedule Monday through Friday, but no longer worked Saturdays, for a total of approximately fifty-five (55) hours per week. Beginning in or around end of February or early March of 2020, in light of the Covid-19 pandemic, until the end of the Warren Employment Period, Warren began working Monday through Friday from approximately eight o'clock in the morning (8:00 am) through approximately six o'clock in the evening (6:00 pm), for a total of approximately fifty (50) hours per week.

58.    Warren worked at Joseph from the beginning of the Warren Employment Period until in or around July 2018 when he began to help the contracting process for Wellness which formally opened to the public on July 29, 2019. Once Wellness opened, Warren would occasionally work at Wellness although he continued to work primarily at Joseph.

59.    Throughout the Warren Employment Period, Plaintiff Warren was paid an hourly rate of approximately twenty-five dollars ($25.00) per hour for all hours worked, including those beyond forty (40) in a given week.

60.    Defendants paid Warren on a weekly basis, partially by check "on the books" and

partially in cash. Plaintiff Warren received his pay directly from Defendants' bookkeeper Ashraf

Bashir, who received the pay from S. Eltahawy.

61.     Plaintiff Warren was required to clock in and out using a time tracking system built

into the pharmacy software system PioneerRx.

62.     At no time during the Warren Employment Period did Plaintiff Warren receive a

wage notice as required by the NYLL, setting forth information such as his regular and overtime

hourly rates, any deductions taken by Defendants, and contact information of his employer.

63.     At no time during the Warren Employment Period did Plaintiff Warren receive a

proper and accurate wage statement as required by the NYLL, setting forth the pay period, basis

of payment, rates paid, allowances or credits applied against wages, gross wages, any deductions

from wages, net wages, and contact information of his employer.

64.     Warren was denied sick pay for the four (4) days he required it over the course of

his employment with Defendants.

**Defendants' Unlawful Corporate Policies**

65.     Plaintiff and the Collective and Class Action Members were paid by the same

corporate policies of Defendants, including failing to pay overtime premiums and failing to

provide wage statements or wage notices.

66.     Plaintiff has spoken with other employees of Defendants who were similarly paid

straight-time hourly rate for all hours worked, without overtime premium compensation for hours

worked in excess of forty (40) in a given workweek.

67.     Defendants' failure to pay Plaintiff overtime compensation of one and one-half

(1.5) times his regular hourly rate for hours over forty (40) each week was a corporate policy of

Defendants which applied to all hourly employees throughout the Class Period.

68.     Defendant S. Eltahawy admitted to Plaintiff that all of Defendants' employees are paid by the hour.

69.     Defendants pay the majority of their employees partially in cash "off the books" and partially by check "on the books."

70.     Defendants failed to provide Plaintiff and the Class Members with wage notices at the time of their hire, annually by February 1 of each year up to and through February 1, 2015, and/or when their wage rate(s) changed.

71.     Defendants failed to provide Plaintiff and the Class Members with accurate wage statements or paystubs with each payment of wages.

72.     Throughout the Class Period and, upon information and belief, Defendants likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment.

73.     Upon information and belief, throughout the Class Period and continuing until today, defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT-UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and Collective Action Members)

74.     Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

75.     By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per week, Defendants have

violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

76. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

77. Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### NEW YORK LABOR LAW – UNPAID OVERTIME
#### (Brought on Behalf of Plaintiff and Class Members)

78. Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

79. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

80. Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to the NYLL.

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE
### (Brought on Behalf of Plaintiff and Class Members)

81.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

82.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195(1), in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable;  the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

83.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50.00) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS**
**(Brought on Behalf of Plaintiff and the Class Members)**

84.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

85.     Defendants have willfully failed to supply Plaintiff and the Class Members a proper wage statement as required by Article 6, § 195(3).

86.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250.00) per employee for each day that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per employee, as provided for by NYLL §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

c.  An order tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

e.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of the Defendants' willful failure to pay overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

g.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime premium compensation pursuant to the FLSA, NYLL and supporting regulations;

h.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay spread-of-hours premiums compensation pursuant to the NYLL and supporting regulations;

i.  An award of fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(1) pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-

b);

j.  An award of two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195(3) pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

k.  An award of prejudgment and post-judgment interest;

l.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       January 14, 2021                    Respectfully submitted,

                                           **PELTON GRAHAM LLC**


                                           By: _____
                                           Brent E. Pelton (BP 1055)
                                           pelton@peltongraham.com
                                           Taylor B. Graham (TG 9607)
                                           graham@peltongraham.com
                                           Alison L. Mangiatordi (AM 1020)
                                           mangiatordi@peltongraham.com
                                           111 Broadway, Suite 1503
                                           New York, New York 10006
                                           Telephone: (212) 385-9700
                                           Facsimile: (212) 385-0800

                                           *Attorneys for Plaintiff and the putative*
                                           *FLSA Collective and Class*

18

### Notice of Shareholder Liability for Services Rendered
### Pursuant to § 630 of the Business Corporation Law of New York

Pursuant to the provisions of § 630 of the Business Corporation Law of New York ("NYBCL"), the ten (10) largest shareholders of ABA NOUB, LTD. d/b/a JOSEPH PHARMACY and AVA KIRELLOUS LTD. d/b/a WELLNESS PHARMACY are hereby notified that the plaintiff in this matter, individually and on behalf of the putative FLSA collective and Fed. R. Civ. P. 23 class he seeks to represent, intends to enforce your personal liability, as the ten (10) largest shareholders of ABA NOUB, LTD. d/b/a JOSEPH PHARMACY and AVA KIRELLOUS LTD. d/b/a WELLNESS PHARMACY, and to charge you with indebtedness of said corporation to the plaintiff for services performed for the corporations as an employee during the six (6)-year period preceding the filing of the complaint.

Services for the above-referenced corporations were terminated by plaintiff in September 2020, within the past 180 days.

Dated: January 14, 2021

_Brent E. Pelton, Esq._

_Attorneys for Plaintiff and the putative_
_FLSA Collective and Class_

DocuSign Envelope ID: 38B2106F-28E5-404B-B5CD-29D115363F82

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Joseph Pharmacy and Wellness Pharmacy, and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

DocuSigned by:

*Stanley Warren*

A1F0138A9D3342F...

_____
Signature

Stanley Warren
_____
Printed Name