UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STANLEY WARREN ET AL.,

                Plaintiffs,

v.

ABA NOUB, LTD. ET AL.,

                Defendants.

21-CV-365 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiff Stanley Warren brought this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (NYLL), §§ 650 et seq., to recover unpaid overtime premium pay and for defendants' alleged failure to provide proper wage notices pursuant to NYLL §§ 190 et seq. (Compl. ¶¶ 1-4, ECF No. 1.) The parties have now entered into a settlement agreement and seek Court approval of that settlement pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). (Joint letter dated Mar. 24, 2021 at 1, ECF No. 22.)

    Courts must scrutinize FLSA settlement agreements to determine if they are "fair and reasonable," analyzing the "non-exhaustive factors" set forth in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332 (S.D.N.Y. 2012):

> 1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Villar v. ARHC Home Care Servs., Inc, No. 18-CV-9174, 2020 WL 4904031, at *2-3 (S.D.N.Y. Aug. 20, 2020) (quoting Wolinsky, 900 F. Supp. 2d at 335).

    FLSA settlement agreements may not contain "a battery of highly restrictive confidentiality provisions," "an overbroad release that would waive practically any possible claim against the defendants, including unknown claims" and claims unrelated to wage-and-hour issues, or "pledge[s] by plaintiff's attorney not to represent any person bringing similar claims against [d]efendants." Cheeks, 796 F.3d at 206 (internal quotation marks and citations omitted). Confidentiality and "[n]on-disparagement provision[s] that prevent[] a plaintiff from making truthful statements about her

experience litigating the case" are also prohibited. *Brittle v. Metamorphosis, LLC*, No. 20-CV-3880, 2021 WL 606244, at *3 (S.D.N.Y. Jan. 22, 2021).

Having reviewed the settlement agreement pursuant to *Cheeks* and *Wolinsky*, the Court hereby approves the parties' settlement agreement, which has been filed on the public docket, for the following reasons. (Brent E. Pelton Aff. dated Mar. 24, 2021, Ex. A, ECF No. 23-1.)

First, the settlement amount of $42,500.00 is fair and reasonable. The parties aver that the settlement "was the result of vigorous arm's-length negotiations over several months." (Joint letter dated Mar. 24, 2021 at 5, ECF No. 22.) Warren "created a damages analysis based on [his] best recollection of hours worked and wages paid" and arrived at a total of $28,130.36 in unpaid overtime wages plus an additional $10,000 in notice/wage statement statutory damages. (*Id.* at 2.) Although the settlement does not compensate plaintiff for liquidated damages or penalties, and only partially compensates plaintiff for attorney's fees, the parties submit that the settlement is fair and reasonable considering the outstanding legal and factual disputes between the parties and the amount of time it would take to resolve those disputes in discovery and/or trial. (*Id.*)

Second, the proposed attorney's fees are reasonable. "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). The parties in this case have agreed to settle this action for $42,500.00, of which plaintiff's counsel will recover $14,749.99, or approximately 1/3 of the settlement amount. (Pelton Aff., Ex. A at 1-2, ECF No. 23-1.) Moreover, counsel has submitted contemporaneous time records, which provide "a factual basis for the award." *Brittle*, 2021 WL 606244 at *4 (internal quotations and citations omitted); *see id.* Ex. B, ECF No. 23-2.

Third, the release of claims set forth in the agreement is "sufficiently limited in scope." *Flores Galloso v. 3821 Food Corp.*, 2021 WL 860343, at *2 (S.D.N.Y. Mar. 8, 2021). The release applies only to claims "related to or arising out of all claims *in the Action* or relating to any and all federal, state, or local wage and hour law claims." (emphasis added) (Pelton Aff. Ex. A at 2, ECF No. 23-1). It is therefore not the type of "overbroad release . . . waiv[ing] practically any possible claim against the defendants, including unknown claims" found to be impermissible in *Cheeks*. 796 F.3d at 206 (internal quotations and citations omitted).

Finally, although the agreement does contain a non-disparagement clause, (Pelton Aff. Ex. A at 3-4, ECF No. 23-1), this clause is mutual and includes a carve-out for truthful statements. These types of clauses have been upheld by courts in this district. *See, e.g., Gomez v. Shine Servs. LLC*, 2021 WL 1391782, No. 20-CV-4190, at *2 (S.D.N.Y. Apr. 13, 2021).

2

The settlement agreement is HEREBY approved. Because plaintiff initiated this action as a collective and class action (*see* Compl. ¶¶ 31, 34, ECF No. 1) but did not file a motion to certify a collective or class action, and because plaintiff settled this case individually, the Clerk of Court is directed to amend the caption in this matter as follows and to close this case:

STANLEY WARREN,

    Plaintiff,

v.

ABA NOUB, LTD., *ET AL.*,

    Defendants.

Dated: New York, New York
       May 6, 2021

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.